**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALWINDER KAUR,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 08-72020<br><br>Agency No. A097-581-479<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Balwinder Kaur, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum and withholding

of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and remand for further proceedings.

Substantial evidence supports the agency's determination that, even though Kaur established past persecution on account of an imputed political opinion, her presumption of a well-founded fear of future persecution was rebutted by evidence of changed country conditions in India. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *see also Gonzales-Hernandez v. Ashcroft*, 336 F.3d 995, 999-1000 (9th Cir. 2003) (noting that BIA has expertise to construe country reports and determine whether country conditions have changed sufficiently to rebut a presumption of future persecution). The agency rationally construed the evidence in the record and provided a sufficiently individualized analysis of Kaur's future fear. *Id.*

Because Kaur has not established a well-founded fear of persecution, she necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

However, in assessing humanitarian asylum, the agency failed to address Kaur's argument that she may be eligible due to "other serious harm" under 8 C.F.R. § 1208.13(b)(1)(iii)(B). Thus, we remand for further proceedings on this issue. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Hanna v.*

*Keisler*, 506 F.3d 933, 939 (9th Cir. 2007) (remanding for further proceedings where agency did not consider both statutory provisions for humanitarian asylum); *see also Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (BIA is not free to ignore arguments made by applicant).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part, GRANTED in part; REMANDED.**